UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH SZTORC,                                        05-CV-0222E(Sr)

               Plaintiff,

                                           MEMORANDUM

   -vs-

                                             and

PRUDENTIAL INSURANCE COMPANY
  OF AMERICA,                                         ORDER[1]

               Defendant.

---

Plaintiff Joseph Sztorc commenced this action pursuant to the Employee Retirement Income Security Act ("ERISA") seeking the payment of long term disability benefits allegedly due him under an insurance policy issued by defendant The Prudential Insurance Company of America ("Prudential" or "defendant") to his former employer, Outukumpu American Brass, Inc. ("American Brass"). Sztorc's Complaint alleges a cause of action under §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) for benefits, declaratory relief and attorney's fees. Pending before the Court are Sztorc's and Prudential's competing motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCvP").

## FACTS

Sztorc commenced employment with American Brass in 1973 as a Millwright Trainee and continued in his employment there in various positions for the next 26

---

[1]This decision may be cited in whole or in any part.

years.   In 1999, after a restructuring, Sztorc was transferred to the shipping department.   Thereafter, he commenced the position of shipping dispatch manager and performed in that position for 3 years.   On December 21, 2001, Sztorc received an e-mail from his supervisor in which he was instructed to improve certain aspects of his performance or face dismissal.   Sztorc became distressed and immediately left the American Brass facility.

Sztorc contacted his primary care physician and advised that he was experiencing severe stress.   At his appointment with his physician, Sztorc described his feelings and symptoms, asked for and received a referral to a psychiatrist, Dr. Richard Wolin.   Sztorc immediately contacted Dr. Wolin and received an appointment for January 28, 2002.   Dr. Wolin diagnosed Sztorc with Major Depression and placed him on prescription medication, Zyprexa.   Dr. Wolin also recommended that Sztorc participate in psychotherapy with Dr. Russell Shefrin.   In the meantime, Sztorc did not return to American Brass and informed Human Resources there that he was under a doctor's care and would not be returning until cleared to do so.   American Brass provided Sztorc with six months of salary continuation and advised him as to the procedure by which to apply for long-term disability benefits.

Sztorc applied to Prudential for long-term disability benefits on June 7, 2002. On June 13, 2002 Prudential denied his claim finding that he was able to perform his daily activities and the functions of his occupation.   Sztorc appealed that determination on June 24, 2002.   After obtaining some but not all of Sztorc's

psychiatric records, Prudential denied his appeal on December 26, 2002 finding that Sztorc suffered from no "cognitive impairments, memory deficits, or physical manifestations that would prevent him from working.  He is able to perform normal activities at home and with his family.  He is not taking any antidepressant medications ***."  December 26, 2002 Letter at 3.

On March 17, 2003, Sztorc initiated a second appeal of Prudential's denial of benefits.  Prudential arranged for review of Sztorc's medical records by Dr. Stephen Gerson, a psychiatrist, for an opinion as to whether or not Sztorc could perform his regular occupation.  Gerson did not examine Sztorc but undertook a review of all documentation in the file.  On June 16, 2003 Gerson concluded that Sztorc was not disabled within the meaning of the policy.[2]  On June 30, 2003 Prudential notified Sztorc that his application for benefits was denied on appeal.  This lawsuit followed.

## DISCUSSION

FRCvP 56(c) states that summary judgment may be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Goenaga* v. *March of Dimes Birth Defects Found.*, 51

---

[2]Gerson issued his initial recommendation to Prudential on June 13, 2003.  On July 2, 2003 — after Prudential had determined to deny benefits to Sztorc — Gerson provided Prudential with an addendum based on Sztorc's therapist's office notes.  The addendum did not change Gerson's recommendation.

F.3d 14, 18 (2d Cir. 1995) (internal citation omitted).  If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment motion.  *Ibid*.  In other words, after discovery and upon a motion, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).

"In assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought."  *St. Pierre* v. *Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (*citing Anderson*, at 255).  Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment. *See Goenaga*, at 18.

Sztorc argues, and Prudential concedes, that Prudential's determination is subject to *de novo* review by the Court.  Under such a standard, the Court "reviews all aspects of the denial of the claim including fact issues *** to determine for itself whether the claimant should be granted or denied the requested relief."  *Lijoi* v. *Continental Cas. Co.*, 414 F. Supp. 2d 228, 238 (E.D.N.Y. 2006) (internal citations and quotations omitted).  "Judicial review of a plan administrator's determination is confined to the administrative record, unless *** 'good cause' justifies expanding the

- 4 -

record." *Krizek* v. *Cigna Group Ins.*, 345 F.3d 91, 98 (2d Cir. 2003) (internal citation omitted). Moreover, even where good cause exists, the issue of whether to consider additional evidence is within the Court's discretion. *See Critchlow* v. *First Unum Life Ins. Co. of America*, 340 F.3d 130, 133 n.2 (2d Cir. 2003).

Sztorc argues that the medical records demonstrate that he suffers from Major Depression and his doctors have opined that he cannot return to his former employment. Prudential, on the other hand, argues that the medical evidence submitted fails to establish a mental health impairment that would have prevented Sztorc from performing the duties of his position.

Unfortunately, this Court lacks sufficient information upon which to review the claim. Neither party has provided the Court with the administrative record in its entirety. Rather, documentation, in a piecemeal fashion, has been submitted. For example, while numerous letters written by Sztorc's treating psychiatrist and therapist, Drs. Wolin and Shefrin, are supplied, there is no indication as to whether such letters are all that had been provided to Prudential in support of the claim.[3] Indeed, Sztorc's memorandum of law indicates that actual *records* were provided to Prudential. No records whatsoever have been provided for this Court's review.

---

[3]The Court is in possession of Prudential's letters of June 13, 2002, December 26, 2002 and June 30, 2003 denying Sztorc's claim for benefits; a January 30, 2002 letter from Wolin to Managed Care; February 11, 2002 and March 12, 2002 letters from Wolin to Dr. Manyon; April 12, 2002 and June 18, 2002 letters from Wolin to Sztorc's counsel; an October 30, 2002 letter from Shefrin to New York State Office of Temporary and Disability Assistance; a June 19, 2003 letter from Wolin to Shefrin and a June 28, 2003 letter from Shefrin to Gerson.

The Court's confidence in the existence of such records is further bolstered by the exhibits submitted in support of Dr. Gerson's affidavit by Prudential.  Exhibit B to Gerson's affidavit consists of a *synopsis* of all the records provided to Gerson for his review.  Obviously, the Court requires the records, not merely Gerson's synopsis of the same in order to conduct *de novo* review.[4]  Not even the Attending Physician Statement supplied by Dr. Wolin on April 2, 2002 has been provided to the Court.

Thus, the absence of the complete administrative record — *i.e.*, all of the pertinent information available to the plan administrator in making its decision — precludes this Court from conducting its *de novo* review and determination as to Sztorc's eligibility for benefits.

<u>CONCLUSION</u>

It is accordingly **ORDERED** that both Sztorc's and Prudential's Motions for Summary Judgment are denied without prejudice.

DATED:        Buffalo, N.Y.

             February 11, 2007

                              /s/ John T. Elfvin
                              JOHN T. ELFVIN
                              S.U.S.D.J.

---

[4]Moreover, in addition to merely being Gerson's summary of the records, the summary — particularly the addendum — is written in such a fashion  that it appears that the summary may have been compiled by an unidentified third party for the benefit of Dr. Gerson. Furthermore, while Gerson's summary refers to his notes to the file dated May 29 and June 11, 2003, no such notes have been provided, nor has any summary of Gerson's telephone calls with Wolin and Shefrin been included.