UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH SZTORC,

                             Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                             Defendant.

**REPORT AND RECOMMENDATION**

05-CV-222-JTC

---

On January 4, 2008, plaintiff moved to reopen this action (Dkt. #41). That motion has been referred to me by Hon. John T. Curtin for a Report and Recommendation (Dkt. #43). For the following reasons, I recommend that the motion be DENIED.

**BACKGROUND**

Plaintiff commenced this action on March 31, 2005, seeking recovery pursuant to the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 42 U.S.C. §1132 (Dkt. #1). On September 17, 2007, Judge Curtin referred the case to me to conduct settlement discussions (Dkt. #34). Following extended discussions, on November 5, 2007 the parties placed on the record, in open court, their agreement to settle this action for the sum of $20,000, "inclusive of all claims, including the claim for attorneys' fees" (Dkt. ## 37, 39).

Judge Curtin entered an Order dated November 6, 2007 dismissing the action, "without prejudice to the right, upon good cause shown within 60 days, to reopen the action if necessary" (Dkt. #38). After changing counsel (Dkt. #40), plaintiff moved to reopen this action

on the 59th day, January 4, 2008 (Dkt. #41).[1] His new attorney argues that plaintiff "was *not* told by former counsel that the amount represented to him to be a settlement figure did *not* include payment of attorneys' fees" (Dkt. #41-1, ¶7, emphasis added). Not only is that statement hearsay, but it is contradicted by the transcript of settlement proceedings (Dkt. #39),[2] which made absolutely clear that the settlement figure "was inclusive of all claims, including the claim for attorney's fees". At no time during those proceedings did either plaintiff or his former attorney indicate that the settlement would be conditioned upon their reaching an agreement as to what portion of the settlement would be allocated to attorney's fees.

Plaintiff's attorney next argues "that Plaintiff told former counsel that he did not agree to the settlement within the seven (7) day period allowed to him pursuant to the provisions of the Older Workers Benefit Protection Act ('OWBPA') which was embodied in the settlement agreement" (Id., ¶10). Plaintiff himself has submitted no affidavit to substantiate this hearsay contention, nor does the motion attach a copy of the "settlement agreement" to which his attorney refers. The transcript of the settlement proceedings makes no reference to the OWBPA, nor does plaintiff's motion contain any citation to its allegedly applicable provisions.

---

[1] On December 4, 2007, attorney Colleen M. Wood entered a Notice of Appearance on behalf of plaintiff (Dkt. #40). Local Rule 83.2(c) allows an attorney of record to withdraw from an action only by court order or by stipulation signed by all counsel of record. However, since this action was not pending at that time (having been dismissed on November 6, 2007), I conclude that Ms. Wood could appear for purposes of moving to reopen the action, without the need for plaintiff's previous attorneys to first withdraw.

[2] While the transcript does not indicate that plaintiff was present in the courtroom when the settlement was placed on the record, I distinctly recall that he was. My recollection is confirmed by the digital recording of the settlement proceedings, which the parties are free to review for themselves.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. ("Rule") 7(b)(1)(B) (effective December 1, 2007) requires a motion to "state with particularity the grounds for seeking the order". Plaintiff's motion fails to comply with this requirement. Plaintiff fails to identify the provisions of the settlement agreement or statute upon which he relies, nor does he cite any case law in support of his position.

"[C]onsistent with the public policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement . . . had authority to do so. In accordance with that presumption, any party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving *by affirmative evidence* that the attorney lacked authority." Artha Management, Inc. v. Sonia Holdings, Ltd., 91 F. 3d 326, 329 (2d Cir. 1996) (emphasis added). That burden "is not insubstantial". Id. The hearsay affidavit of plaintiff's new attorney does not constitute the "affirmative evidence" necessary to raise a question as to his previous attorney's authority to settle this case in open court on November 5, 2007.

Plaintiff's deadline for filing the motion expired on January 7, 2008 at the latest (January 5 and 6 being a Saturday and Sunday). Because the motion which was filed prior to the deadline not only fails to comply with Rule 7, but also fails to submit any "affirmative evidence" which would raise a question as to his previous attorney's authority to settle this case, I conclude that plaintiff has failed to establish "good cause" to reopen this action, and therefore recommend that his motion be denied, without the need for defendant to respond. "If a party could file a

skeleton motion and later fill it in, the purpose of the time limitation would be defeated". Riley v. Northwestern Bell Telephone Co., 1 F. 3d 725, 727 (8th Cir. 1993) (citing Martinez v. Trainor, 556 F. 2d 818, 820 (7th Cir. 1977)). "[I]f a 'skeletal' motion is filed before the expiration of the time within which to file a motion . . . , courts will often not consider [later filed] documents in assessing the motion if to do so would be to subvert the purpose of the time limit." 2 Moore's Federal Practice (3rd Ed. 2007), §7.03[4][b]

## CONCLUSION

For these reasons, I recommend that plaintiff's motion to reopen (Dkt. #41) be DENIED, with prejudice. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation, may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:     January 15, 2008

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge